## In re QWEST COMMUNICATIONS CORP. PAYPHONE SERVICE PROVIDERS COMPENSATION LITIGATION

### No. 1483.

Judicial Panel on Multidistrict Litigation.

Aug. 30, 2002.

Before WM. TERRELL HODGES, Chairman, JOHN F. KEENAN, MOREY L. SEAR,* BRUCE M. SELYA,* JULIA SMITH GIBBONS, D. LOWELL JENSEN and J. FREDERICK MOTZ, Judges of the Panel.

### *TRANSFER ORDER*

WM. TERRELL HODGES, Chairman.

This litigation presently consists of fourteen actions: five actions in the Central District of California; four actions in the Northern District of California; and one action each in the Eastern District of California, the District of District of Columbia, the District of Nevada, the District of Utah, and the Western District of Washington.[1] Before the Panel is a motion, pursuant to 28 U.S.C. § 1407, by the telecommunications defendant Qwest Communications Corp. (Qwest) to centralize these actions in the District of Colorado for coordinated or consolidated pretrial proceedings. All plaintiffs oppose centralization. If the Panel deems centralization appropriate, they variously suggest centralization in the Central District of California, the District of Utah, or the District of District of Columbia.

On the basis of the papers filed and hearing session held, the Panel finds that these actions involve common questions of

---

* Judges Sear and Selya took no part in the decision of this matter.

**1.** Six additional actions pending in the Northern District of California and included on the Section 1407 motion were dismissed without prejudice by Judge Ronald M. Whyte on June 21, 2002. Accordingly, the question of inclusion of these actions in Section 1407 proceedings is moot.

The Panel has been notified that thirteen potentially related actions have recently been filed: eleven actions in the Central District of California and two actions in the Northern District of California. These actions and any other related actions will be treated as potential tag-along actions. *See* Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435–36 (2001).

fact arising out of allegations that Qwest has violated the Federal Communications Act and its regulations, or breached common law, by failing to make proper payments to payphone service providers for coinless payphone calls. The Panel also finds that centralization in the Central District of California will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation, while accordingly being necessary in order to avoid duplication of discovery, prevent inconsistent pretrial rulings and conserve the resources of the parties, their counsel and the judiciary.

In concluding that the Central District of California is the appropriate transferee forum for this docket, we note that i) five actions now before the Panel and eleven potentially related actions are pending there, and ii) most opposing plaintiffs—many of which are relatively small payphone service providers—alternatively support centralization in this California court.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on the attached Schedule A and pending outside the Central District of California are transferred to the Central District of California and, with the consent of that court, assigned to the Honorable Terry J. Hatter, Jr., for coordinated or consolidated pretrial proceedings with the actions pending there.

### SCHEDULE A

*MDL–1483—In re Qwest Communications Corp. Payphone Service Providers Compensation Litigation*

*Central District of California*

Gregory J. Wolfe, et al. v. Qwest Communications Corp., C.A. No. 2:01–5554

Steve Littlejohn v. Qwest Communications Corp., C.A. No. 2:01–6033

PBS Telecom, Inc. v. Qwest Communications Corp., C.A. No. 2:01–7285

Royce Tawney v. Qwest Communications Corp., C.A. No. 2:02–827

Zane Greene v. Qwest Communications Corp., C.A. No. 8:02–501

*Eastern District of California*

Dong Ju Lee v. Qwest Communications Corp., C.A. No. 2:01–1578

*Northern District of California*

Precision Pay Phones v. Qwest Communications Corp., C.A. No. 3:02–213

Precision Pay Phones v. Qwest Communications Corp., C.A. No. 3:02–214

Precision Pay Phones v. Qwest Communications Corp., C.A. No. 3:02–215

Antonio T. Pimentel v. Qwest Communications Corp., C.A. No. 5:02–1540

*District of District of Columbia*

APCC Services, Inc., et al. v. Qwest Communications Corp., C.A. No. 1:01–641

*District of Nevada*

Nevada Telephone, Inc. v. Qwest Communications Corp., C.A. No. 2:02–742

*District of Utah*

Flying J. Inc., et al. v. Qwest Communications Corp., et al., C.A. No. 1:00–23

*Western District of Washington*

Metrophones Telecommunications, Inc. v. Qwest Communications Corp., C.A. No. 2:01–1850